IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
SAINT PAUL DIVISION

| | |
|---|---|
| ROLAND KAEHLER and MARILYN KAEHLER, | )<br>)<br>)  Hon.<br>)<br>)  Case No.<br>)<br>) |
| Plaintiffs, | |
| v. | |
| PINNACLE RECOVERY, INC. | |
| Defendant. | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COME NOW the Plaintiffs ROLAND KAEHLER and MARILYN KAEHLER ("Plaintiffs" or "Kaehlers"), by and through DC Capital Law, LLP, and for their Complaint against the Defendant PINNACLE RECOVERY, INC. ("Defendant" or "Pinnacle") allege as follows:

**I. PRELIMINARY STATEMENT**

1.  The Plaintiffs allege that Defendant's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA").

2.  The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false deceptive or misleading statements, or violation of law, in connection with the collection of a debt. *Id.*

3.  Here, Defendant's violative collection practices include, *inter alia*, authoring and sending consumers a written communication, that:

> (a) makes false, deceptive, and misleading representations that Defendant is allowed and permitted by law to collect thirty-five percent (35%) of the

1

principal amount owed in the form of percentage "Collection Fees" as opposed to actual earned costs of collection that the contract between Plaintiffs and Equivest St. Thomas, Inc. ("Creditor") allows **(Exhibit 1)**; and

(b) Collecting and attempting to collect amounts that are not permitted by law or contract to be charged to Plaintiffs in the form of **Exhibit 2.**

(c) Threatening Plaintiff's credit history and reports of the illegal or unsubstantiated amounts go unpaid after 30 days in letter at **Exhibit 2.**

4. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The FDCPA is a broad remedial statute that must be liberally construed in favor of the consumer in order to effectuate the goal of eliminating abuse. *See Gonzalez v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060 (9th Cir. 2011); *see also Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1168 (9th Cir. 2006).

6. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per*

*se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e (1)-(16). Among these *per se* violations prohibited by that section are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e (10).

7.  To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. § 1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f (1)-(8). Included among the *per se* violations prohibited in this section are the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly permitted by law, 15 U.S.C. § 1692f (1).

8.  The collection of any amount not expressly authorized in the underlying debt contract is a violation of the FDCPA. "While the Eleventh Circuit has not previously addressed this issue, we find the Eighth Circuit's reasoning in *Kojetin v. CU Recovery, Inc.*, 212 F.3d 1318, 1318 (8th Cir. 2000) (per curiam), to be persuasive. There, the Eighth Circuit held that the debt collector violated the FDCPA when it charged the debtor a collection fee-based o n a percentage of the principal balance of the debt due rather than the actual cost of collection. Id." *Bradley v. Franklin Collection Services, Inc.* (739 F.3d 606 (11th Cir. 2014)). *See also Kaymark v. Bank of America, NA* 783 F.3d 168 (3rd Cir. 2015).

9.  Section 1692f (1) specifically prohibits "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Letters attempting to collect money not permitted by law are "a violation of the plain language of section" 1692f (1). *Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685, 699 (8th Cir. 2017).

10. In determining whether a collection letter sent directly to a debtor uses a prohibited representation or means, we normally view it "through the eyes of the unsophisticated consumer." *Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001). That standard is designed to protect consumers of below average intelligence or sophistication. *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004).

11. "In evaluating whether a debt collection letter is false, misleading or deceptive, the letter must be viewed through the eyes of the unsophisticated consumer. *See Jang v. A.M. Miller and Assoc.,* 122 F.3d 480, 483 (7th Cir. 1997)*Jane.*" *Duffy v. Landberg*, 215 F.3d 871 at 873 (8th Cir. 2000). "This standard protects the uninformed or naïve consumer, yet also contains an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collections letters. *See Jang,* 122 F.3d at 483-84)." Id at 875.

12. Assessments for condominium and homeowners' associations on property acquired for personal family or household purposes are FDCPA debts. *See Newman v. Boehm, Pearlstein & Bright*, 119 F.3d 477 (7th Cir., 1997). This case involves an obligation, or an alleged obligation, primarily for personal, family, or household purposes, and arising from a transaction or alleged transaction under the FDCPA.

## II. PARTIES

13. Plaintiffs are always natural people and consumers under the FDCPA and relevant to this complaint, the Plaintiffs resided in the City of Dover, County of Olmstead, State of Minnesota.

14. At all times relevant to this complaint, Pinnacle is a debt collector under the FDCPA and collecting on timeshare and condominium association debt and is incorporated in the State of California with a Resident Agent located at Corporation Service Company at 2345 Rice Street, City of Roseville, County of Ramsey, State of Minnesota.

## III.  JURISDICTION & VENUE

15. This Court has jurisdiction under 15 U.S.C. § 1692k (d) and 28 U.S.C. §§ 1331, 1337.

16. Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred within this federal judicial district at the time this action is commenced. Supplemental jurisdiction for Plaintiffs' state law claims arise under 28 U.S.C. § 1367.

## IV.  FACTS CONCERNING PLAINTIFFS

17. On or about February 1, 2018, Plaintiffs allegedly incurred a financial obligation to Bluebeard's Castle Hilltop Villas III ("Association") for 2018 maintenance and association fees on a timeshare condominium.  **(Exhibit 1).**

18. The obligation fell into default and on March 5, 2018, the Plaintiffs received a collection letter from Defendant Pinnacle, a debt collector for the Association. **(Exhibit 2).**

19. The Letter stated that the following was owed by Plaintiffs:

### Account Summary

| | |
|---|---|
| Maintenance Fees | $ 621.94 |
| Special Assessment | $     0.00 |
| Collection Costs | $ 217.68 |
| **Total Balance:** | **$ 839.62** |

20. The letter from Defendant Pinnacle states that "Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater.  If you pay the amount shown above, an adjustment may be necessary after we receiver your payment in which event we will inform you before depositing the check for collection." **(Exhibit 2).**  The same letter invited the Plaintiffs to seek validation and verification of the debt amount within 30 days.

21. Plaintiffs had hired an attorney to work out a rescission and negotiation of the contract with the Timeshare Unit's Seller, Equivest St. Thomas, Inc. On or about April 19, 2018, the Plaintiffs' attorney sent a demand for validation and verification of the disputed debt to the Defendant's client, Bluebeard's Castle Hilltop Villas III Condominium at **Exhibit 3** under 15 U.S.C. § 1692g.

22. Defendant sent a letter in response to the Plaintiffs' letter in **Exhibit 3** with a letter dated May 1, 2018 (**Exhibit 4**). Defendant provided a payment history of the maintenance fees for $621.94 but failed to provide proof that the Collection fees of $217.68 was authorized under any contract or by state law.

23. The Defendant stated in its letter "Please note the collection assessment of $217.68 is not included as this was added at the time of assignment to our office on 03/01/18. Our collection agency license in the state of Minnesota is 20252165."

24. After the letter from the Defendant was received, a second debt validation request was mailed to the Defendant on June 1, 2018 (**Exhibit 6**).

25. On or about June 8, 2018, Pinnacle mailed a response to the June 1, 2018 letter in **Exhibit 6**, essentially identical to their letter in **Exhibit 5**. **(Please see Exhibit 7).**

26. The alleged Obligation is a "debt" as defined by 15 U.S.C. §1692a (5).

27. Plaintiffs are, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a (3).

28. Pinnacle states on its website that it is: "Founded in 2000, Pinnacle Recovery, Inc. ("Pinnacle") is a nationwide **full-service debt recovery** company that specializes in the professional, efficient and ethical resolution of its clients delinquent and defaulted receivables." (**Exhibit 8).**

29. Pinnacle is, at all times relevant to this complaint, a "debt collector" as defined by

15 U.S.C. § 1692a (6).

30. Pinnacle is not a "creditor as defined by 15 U.S.C. § 1692a (4).

31. The "Collection Cost" of $217.68 is exactly 35% of the "Principal" of $621.94.

32. The Letters from Pinnacle are a "communication" as defined by 15 U.S.C. § 1692a (2). The obligations arose out of a transaction in which the money, property, insurance or services are the subject of the transaction that are primarily for personal, family, or household purposes.

33. Plaintiffs have suffered an injury in fact and still face or have been subject to damage to their financial and public reputation, collection costs and increased fees and interest if they don't pay as directed by **Exhibit 2** and did suffer such injuries stated here and in Paragraphs 17 through 31 as stated above and Plaintiffs are now being charged Collection add-on Fees as stated above.

## V.  VIOLATIONS OF THE FDCPA BY PINNACLE

34. Plaintiffs now reallege and incorporate by reference the allegations set forth in the preceding paragraphs of this Complaint.

35. Defendant violated the FDCPA. Defendant's violation, with respect to their written communications in the form attached as **Exhibits 2** include, but are not limited to, the following:

    (a) Using false, deceptive and misleading representations or means in connections with the collection of any debt in violation of 15 U.S.C. § 1692e; and

    (b) Making false, deceptive, and misleading representations concerning the character, amount, or legal status of any debt in violation of 15 U.S.C. § 1692e(2)(A) in **Exhibit 2**; and

    (c) Making false, deceptive, and misleading representations concerning any services rendered or compensation which may be lawfully received by any

       debt collector for the collection of a debt in violation of 15 U.S.C. § 1692e(2)(B); and

(d) Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e (10); and

(e) Using an unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f and f (1) through **Exhibit 2**; and

(f) Collecting amounts that are incidental to the principal obligation, which amounts are not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. §§ 1692e, 1692e (2), 1692f, and 1692f (1); and

(g) Charging false amounts and Collection fees and telling Plaintiffs that they owe the full amount when the Validation and Verification provisions give debtors 30 days under 15 U.S.C. § 1692g (4) and 15 U.S.C. §1692g (5) and therefore the Plaintiffs Federal Rights are being overshadowed by Defendant.

## VI. PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request that this Honorable Court enter judgment in their favor as follows:

A. An award for the maximum statutory damages for Plaintiffs pursuant to 15 U.S.C. § 1692k(a)(2)(A);

B. An award of actual damages for Plaintiffs pursuant to 15 U.S.C. § 1692k(a)(1);

C. For declaratory relief, pursuant to 28 USC §§ 2201, 2202 adjudging Defendant's collection letters, which are attached as **Exhibit 2** and which is complained of herein, violates the

FDCPA;

        D.       Attorney fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

and

        E.       For such other relief that this Honorable Court deems fair and equitable.

## VII. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

Respectfully Submitted,

Dated: **February 26, 2019**

*s/ Lesley A. Hoenig*
Lesley A. Hoenig
Bar Number: 0327906
Attorney for the Plaintiffs
**DC Capital Law, LLP**
700 12th Street NW, Ste 700
Washington, D.C. 20005
(202) 793-4333
lhoenig@dccapitallaw.com